UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT SONNICK,

                              Plaintiff,

v.                                                                  5:20-CV-0415
                                                                            (TJM/ML)
SOCIAL SECURITY OFFICES SYRACUSE;
ALJ BRUCE FEIN, ALJ Syracuse; and
HERITAGE PARK APARTMENTS,

                              Defendants.
_____

APPEARANCES:                                                       OF COUNSEL:

VINCENT SONNICK
  Plaintiff, *Pro Se*
205 North Street, #B
Oneida, New York 13421

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

       The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* filed by Vincent Sonnick ("Plaintiff") to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety, with leave to amend.

**I.    BACKGROUND**

       Plaintiff has filed his Complaint on a form complaint for claims brought pursuant to the Americans with Disabilities Act ("ADA). (*See generally* Dkt. No. 1.) The Complaint alleges that Plaintiff suffers from anxiety disorder and severe depression. (*Id*. at 2.) On the form,

Plaintiff checked boxes indicating that his ADA claim is related to the failure to employ, termination of employment, and retaliation, but there is no assertion that he was employed by Defendants or that he sought to be employed by Defendants. (*Id*. at 3.)

The Complaint then alleges that he has applied for disability, was harassed by "Oneida Troop D Headquarters, Onondaga Co. Sher[]iff[,] . . . [and] 3 or 4 families," and had issues with mold and break-ins at Heritage Park Apartments. (*Id*. at 3.) Plaintiff seeks "126.5 million dollars" and back "SSI-SSDI payments." (*Id.* at 4.)

## II.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[1] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

## III.  LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

---

[1]  The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]  Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis

added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an

4

indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.  ANALYSIS

The nature of Plaintiff's claim here is unclear.  Though styled as a claim under the ADA, Plaintiff has not pleaded sufficient facts to support such a claim at this juncture.  Certain allegations in the Complaint, however, suggest that what Plaintiff may be seeking is judicial review of an administrative decision denying benefits under the Social Security Act.  Given the uncertainty and the lack of specificity in Plaintiff's pleadings, the Court recommends that this action be dismissed, but that the dismissal be without prejudice and that Plaintiff be permitted thirty days within which to file an amended complaint that specifically clarifies the exact nature of Plaintiff's claim.  *See Valdez v. Soc. Sec. Admin.*, 20-CV-0035, 2020 WL 2575892, at *3 (N.D.N.Y. Apr. 23, 2020) (Stewart, M.J.) (recommending dismissal without prejudice where the complaint form pursuant to the ADA stated that the plaintiff was not provided reasonable accommodations but was not employed by the defendants and appeared to be seeking judicial review of an administrative decision denying benefits under the Social Security Act), *report and recommendation adopted*, 2020 WL 2574632 (N.D.N.Y. May 21, 2020) (Suddaby, C.J.).

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against Defendants and must demonstrate that a case or controversy exists between Plaintiff and Defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named Defendants violated a law, he should specifically make reference to such law.

**ACCORDINGLY**, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. 1915(e)(2)(B).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]

Dated: June _4_, 2020
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[3]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[4]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).